THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SILVA-MELENDEZ, *et al.*,

   *Plaintiffs*,

v.

LUAR COLLECTIVE, INC., *et al.*,

   *Defendants*.

Civ. No. 21-01176 (MAJ)

**OPINION AND ORDER**

### I.   Introduction

On April 20, 2021, Omar Silva-Melendez, Wilberto Rodriguez-Torres, Eliut Abisai Gonzalez-Bermudez, Boris Bilbraut-Cora, and Andres Bayrex Jimenez-Torres (collectively "Plaintiffs") filed the instant action against Luar Collective Inc., Raul Lopez-Badillo, Roxanna Badillo-Rodriguez, Yarimar Coss-Badillo, Mariana Crecioni-Badillo, and Gesabeth Jorge-Ovalles (collectively "Defendants").[1] (**ECF No. 1**). Plaintiffs thereafter filed an Amended Complaint (**ECF No. 6**) and Second Amended Complaint (**ECF No. 71**).

Briefly, Plaintiffs seek compensation for Defendants' alleged negligent and willful acts of copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, et seq.; and resolution of contract, fraudulent conveyance of property, and tortious interference under principles of equity and Puerto Rico law. *Id*. at 2. Plaintiffs also seek declaratory and permanent injunctive relief. *Id*.

---

[1] Various conjugal partnerships, unnamed insurance companies, and unnamed individuals are also named as defendants in the instant matter. (**ECF No. 1**); (**ECF No. 6**); (**ECF No. 71**). Defendants have also filed a Counter-Complaint. (**ECF No. 17**).

Pending before the Court is Defendants' Motion to Set Aside Entry of Default. (hereinafter "Defendants' Motion") (**ECF No. 105**). For the reasons stated hereafter, the Court **GRANTS** Defendants' Motion.

## II. Procedural Background

On May 20, 2021, Plaintiffs filed their first Amended Complaint. (**ECF No. 6**). All six Defendants filed an answer to this First Amended Complaint. (**ECF Nos. 17, 36, 37, and 38**). Thereafter, on December 5, 2022, Plaintiffs filed a Consent Motion for Extension of Time to File Pretrial Report, in which they also indicated they intended to file a Second Amended Complaint. (**ECF No. 67**). On December 27, 2022, then presiding Judge Young granted Plaintiffs' motion to amend their complaint "insofar as it clarifies allegations already made. [However,] [a]ny substantive allegations are untimely." (**ECF No. 70**). Subsequently, on December 29, 2022, Plaintiffs filed their Second Amended Complaint. (**ECF No. 71**).

On January 23, 2023, Defendants filed a Motion to Strike the Second Amended Complaint arguing that paragraphs 71 to 74, 88 to 94, 98 to 107, 112 to 135, 139 to 140, 142 to 152, 159 to 169, and 174 to 177 were new and substantive allegations in contravention of Judge Young's previous order. (**ECF No. 72 at 2 ¶ 4**). On January 24, 2023, Judge Young granted the Motion to Strike as it pertained to the new substantive allegations but ruled that "[t]he amended complaint may otherwise stand." (**ECF No. 76**). As such, the Second Amended Complaint is the operative complaint.

To date, Defendants have not filed an answer to the Second Amended Complaint. However, since the filing of the Second Amended Complaint, the parties have submitted a Joint Proposed Pretrial Order (**ECF No. 79**) and have attended three pretrial conferences (**ECF Nos. 89, 92, and 94**). Unable to find a resolution through settlement

negotiations, the case was thereafter randomly assigned to this Court "for prompt trial." (**ECF No. 96**).

On August 30, 2023, Plaintiffs filed a Motion for Default Entry due to Defendants' failure to file an answer to the Second Amended Complaint. (**ECF No. 102**). On August 31, 2023, the Court granted Plaintiffs' motion (**ECF No. 103**) and on September 1, 2023, the Clerk entered default in favor of Plaintiffs (**ECF No. 104**). That same day, Defendants filed the instant Motion to Set Aside Default Entry (**ECF No. 105**), to which Plaintiffs have responded (**ECF No. 108**), and Defendants have replied (**ECF No. 111**).

**III.    Applicable Law**

Pursuant to Federal Rule of Civil Procedure 55(c), "a court may set aside an entry of default for 'good cause.'" *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010) (quoting Fed. R. Civ. P. 55(c)). "There is no precise formula to determine whether good cause exists because each case 'necessarily turn[s] on its own unique circumstances.'" *Hughes v. Universal Ins. Co.*, 21-cv-1460, 2022 WL 42725, at *1 (D.P.R. Jan. 4, 2022) (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)). However, there are many factors a court may consider, including: "'(1) whether the default was willful, (2) whether setting it aside would prejudice the adversary,' (3) whether the movant has presented a meritorious defense, (4) the movant's explanation for the default, (5) the amount of money involved, and (6) the timing of the motion to set aside the entry of default." *Hughes,* 2022 WL 42725, at *1 (quoting *Indigo Am., Inc.,* 597 F.3d at 3). "These factors are not exclusive. Instead, they are to be regarded as means to identify good cause and must be considered in light of the strong public policy favoring disposition of claims on the merits." *Santos-Berrios v. Joglar-Pesquera*, No. 14-cv-1145, 2016 WL 483203, at *1 (D.P.R. Feb. 5, 2016) (first citing *Effjohn Int'l Cruise Holdings, Inc. V. A&L Sales Inc.*,

346 F.3d 552, 563 (5th Cir. 2003); and then citing *Coon*, 867 F.2d at 75; *see also Indigo Am., Inc.*, at 6 (preference given to "resolving disputes on the merits . . .").

Moreover, as in this case, "whenever an entry of default has been entered without an accompanying default judgment . . . the standard is particularly generous in favor of the party seeking relief from the entry of default." *Rico Sun Tours, Inc. v. Vargas*, 14-cv-1583, 2014 WL 6068924, at *1 (D.P.R. Nov. 13, 2014) (citing *Phillips v. Weiner*, 103 F.R.D. 177, 179 (D. Me. 1984)); *see also Phillips*, 103 F.R.D. at 179 ("This difference is justified by the fact that mere entry of default by the clerk does not represent a final judgment."); *Leshore v. Cnty. of Worcester*, 945 F.2d 471, 472 (1st Cir. 1991) ("Furthermore, although Rule 55(c) permits the removal of both an entry of default and a default judgment, the standard for the former at issue here, is more liberal." (citing *Coon*, at 76)).

### IV. Analysis

In their Motion to Set Aside Entry of Default, Defendants raise four arguments. First, they argue that the Second Amended Complaint—omitting the stricken paragraphs—is not materially different from the First Amended Complaint, which they timely answered. (**ECF No. 105 at 2 ¶ 5**). Accordingly, Defendants argue by extension that they filed an answer to the operative complaint. *Id.*

Second, Defendants argue that during the first pretrial conference held on March 6, 2023, Judge Young indicated that Defendants did not have to file an answer to the Second Amended Complaint, for the above-mentioned reason. *Id.* ¶¶ 6-7.

Third, Defendants argue that they have "defended" themselves under Fed. R. Civ. P. 55(a), which provides that a party is found to be in default if they have failed to plead or otherwise defend themselves in an action. *Id.* at 3 ¶¶ 12-15; *see also* Fed. R. Civ. P. 55.

In support, Defendants point out that since the filing of the Second Amended Complaint, they have filed a Motion to Strike, a Joint Proposed Pretrial Order, and participated in numerous pretrial conferences. *Id.* at 3 ¶¶ 12-13.

Finally, Defendants argue that Plaintiffs will suffer no prejudice should the entry of default be set aside. *Id.* at 4 ¶ 15. Should the Court disagree, Defendants request a fact-finding hearing to be conducted on this issue. *Id.*

In response, Plaintiffs first maintain that the First Amended Complaint is not the operative complaint and thus, Defendants should have filed an answer to the Second Amended Complaint. (**ECF No. 108 at 5 ¶¶ 7-8**). Second, Plaintiffs argue that should the entry of default be set aside, they would be prejudiced because Defendant does not have a meritorious defense. *Id.* at 5 ¶¶ 11-12. Third, Plaintiffs state they do not recall Judge Young indicating Defendants need not file an answer to the Second Amended Complaint. *Id.* at 6 ¶ 13. Finally, Plaintiffs argue that should the Court set aside the entry of default, they are entitled to an answer to the Second Amended Complaint "as filed on January 24, 2023[,] well in advance of the [upcoming] pretrial conference." *Id.* at 6 ¶ 16.

In this case, the Court determines that good cause exists to set aside the entry of default. First, "setting aside the default will not prejudice [P]laintiffs[] inasmuch as requiring a party to litigate the action does not amount to such." *Santos-Berrios,* 2016 WL 483203, at *2 (first citing *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985); and then citing *Coon*, at 77). Plaintiffs' argument to the contrary is unconvincing. *Coon*, at 77 (quoting *Keegel v. Key W. & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980)) ("'[t]hat setting aside the default would delay satisfaction of plaintiffs' claim' is insufficient to show prejudice."). The instant matter is at the trial stage, and as mentioned, there is "strong public policy favoring disposition of claims on

the merits." *Santos-Berrios*, 2016 WL 483203, at *1 (first citing *Effjohn Int'l Cruise Holdings, Inc.*, 346 F.3d at 563; and then citing *Coon*, at 76); *Indigo Am., Inc.*, at 6.

Moreover, Plaintiffs' Motion for Entry of Default was not filed until roughly six months after the deadline had passed for Defendants to file their answer. The First Circuit dealt with a similar situation in *Coyante v. Puerto Rico Ports Auth.*, 105 F.3d 17 (1st Cir. 1997). In that case, the plaintiff filed a motion for entry of default three days before trial. *Coyante*, 105 F.3d at 20. The district court proceeded to trial, and thereafter mooted the motion. *Id*. The plaintiff appealed, arguing "the district court should have entered a default against the defendants for their failure to answer her amended complaint[,] rather than allowing the motion to become moot." *Id*. at 23. The First Circuit affirmed the district court's decision, and in so holding stated:

> [i]t is certainly not without significance that the plaintiff took no action in response to the defendants' failure to answer until more than two years after the deadline had passed. In addition, the defendants had already answered the plaintiff's initial complaint and the amended complaint did not materially alter the plaintiff's theory of the case.

*Id*. Extending the First Circuit's rationale here—and the Court implies no bad faith in so finding—the timing of Plaintiffs' motion for entry of default weighs in favor of setting it aside.[2]

Second, good cause exists given Plaintiffs are seeking roughly $5,000,000 from Defendants. (**ECF No. 71 at 27-28**). This significant sum of money weighs in favor of evaluating the case on the merits. *Placeres v. Costco Wholesale Corp.*, 541 F. Supp. 3d 217, 224 (D.P.R. 2021) (examining potential exposure in light of this consideration to

---

[2] As mentioned, Judge Young struck all new substantive allegations from the Second Amended Complaint. (**ECF No. 76**).

grant motion to set aside default) (citing *Thiemann v. Elec. Insulation Suppliers, Inc.*, 180 F.R.D. 200, 202 (D.P.R. 1998))).

Third, Defendants counsel acted diligently in seeking to set aside the entry of default. In fact, Defendants filed the instant motion the same day the Clerk's Entry of Default was filed. (**ECF Nos. 104 and 105**). This diligence supports setting aside the entry of default. *See Rico Sun Tours, Inc.*, 2014 WL 6068924, at *2 (finding the defendant "acted promptly to correct the default by retaining counsel and filing" the motion to set aside entry of default two weeks after entry of default).

Fourth, with regards to whether the default was willful, Defendants maintain that Judge Young directed they did not need to file an answer to the Second Amended Complaint. (**ECF No. 105 at 2 ¶¶ 6-7**). Accordingly, they did not. However, Plaintiffs do not recall any such indication. (**ECF No. 108 at 6 ¶ 13**).

The Court is not required to analyze every single one of the above-mentioned factors, as there is no precise formula for the good cause analysis. *KPS & Associates, Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003). Each case turns on its own unique circumstances, and no one factor is "talismanic." *Id*. Accordingly, the Court makes no determination and does not imply bad faith on either party as to this point.[3]

Finally, since the filing of the Second Amended Complaint, Defendants have filed a Motion to Strike (**ECF No. 72**), a Joint Pretrial Report (**ECF No. 79**), and attended three pretrial conferences (**ECF Nos. 89, 92, and 94**). Accordingly, Defendants have been diligently prosecuting this case. Furthermore, Defendants have indicated their

---

[3]   Regardless, "a district court should resolve doubts *in favor of a party seeking relief from the entry of a default*." *Rico Sun Tours, Inc.,* 2014 WL 6068924, at *2 (quoting *Leshore*, 945 F.2d at 472) (emphasis in original).

willingness to file an answer to the Second Amended Complaint, demonstrating their continued commitment to litigating this case. *Reyes-Muñoz v. Puerto Rico Aqueduct and Sewer Auth.*, 19-cv-2131, 2021 WL 5985166, at *2 (D.P.R. Dec. 16, 2021) (finding similarly); (**ECF No. 113 at 3 ¶ 8**).

Plainly, "the entry of a default judgment . . . is a 'drastic' sanction . . . that runs contrary to the goals of resolving cases on the merits and avoiding 'harsh or unfair results.'" *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 51 (1st Cir. 2009) (internal citations and quotations omitted). Accordingly, the Court finds "that the most prudent course of action" is to set aside the entry of default and "resolve the instant case on the merits; to do otherwise, would constitute a harsh or unfair result." *Collazo-Rosado v. U. of Puerto Rico*, 10-cv-1113, 2011 WL 13136493, at *2 (D.P.R. May 16, 2011) (first citing *Key Bank of Me. v. Tablecloth Textile Co.*, 74 F.3d 349, 356 (1st Cir. 1995); and then citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

## V. Conclusion

For the reasons stated above, the Court hereby **GRANTS** Defendants' Motion to Set Aside Entry of Default (**ECF No. 105**). The Court also **ORDERS** Defendants to file an Answer to the Second Amended Complaint by October 6th, 2023.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of September, 2023.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**